**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 05a0697n.06**
**Filed: August 11, 2005**

**No. 04-5547**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| DANIEL KELLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| ALLSTATE INSURANCE COMPANY, | ) | WESTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; HOOD, District Judge.[*]

COOK, Circuit Judge. Daniel Keller appeals the district court's order granting summary judgment for Allstate Insurance Company on his claim that Allstate constructively discharged him for unlawful reasons. Because we find no error by the district court in determining that Keller failed to raise a material factual dispute warranting trial on his employment claims against Allstate, we affirm.

I

---

[*]The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

For years, Keller worked as an adjustor for Allstate in the Special Investigative Unit ("SIU"), investigating fraudulent or suspicious claims. He eventually resigned—a resignation Keller labels a constructive discharge—as a culmination of what he viewed as multiple consecutive, unjustified, negative job-performance evaluations. Allstate maintains that Keller's evaluations worsened because he failed to comply with Allstate's newly implemented computer documentation requirements. Keller, on the other hand, fixes the blame on Allstate's displeasure with his refusal to follow his manager's directive to unlawfully discriminate against Vietnamese insurance claimants in violation of the Kentucky Unfair Claims Settlement Practice Act. This justified resistance, Keller says, caused his poor performance reviews, including a "job in jeopardy" notification, leading him to resign.

The district court granted Allstate's motion for summary judgment, holding Keller's voluntary resignation did not constitute constructive discharge. And given its conclusion that Keller had not been discharged at all, the court went on to hold that Keller's wrongful-discharge claim failed. Keller filed this timely appeal from the district court's judgment.

II

Unless Keller's summary judgment evidence presented a factual basis for a jury to find "[Allstate] . . . deliberately create[d] intolerable working conditions, as perceived by a reasonable person, with the intention of forcing [Keller] to quit[,]" summary judgment was properly entered here. *Moore v. KUKA Welding Sys. & Robot Corp.*, 171 F.3d 1073, 1080 (6th Cir. 1999).

III

In determining whether working conditions are "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign," *Yates v. Avco Corp.*, 819 F.2d 630, 636-37 (6th Cir. 1987), this court considers whether an employee experienced:

> (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a [younger] supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status.

*Logan v. Denny's, Inc*., 259 F.3d 558, 569 (6th Cir. 2001).

Considering the *Logan* factors, Keller's evidence taken in its most favorable light failed to present a working situation that would compel a reasonable person to resign. Keller does not claim Allstate demoted him, reduced his salary, reassigned him, or offered him early retirement or continued employment on less favorable terms. Rather, Keller alleges Allstate restricted his authority, issued his "job in jeopardy" notification in a way that embarrassed him, and unfairly evaluated his performance as poor. These allegations fall short of a constructive-discharge showing. *See Agnew v. BASF Corp*., 286 F.3d 307, 309-10 (6th Cir. 2002).

Changes in employee responsibilities or authority, triggered by the company reorganization, without more, do not amount to intolerable conditions constituting constructive discharge. *See Curtis v. Hanger Prosthetics & Orthotics, Inc.*, 101 Fed. Appx. 61, 64-66 (6th Cir. 2004) (finding no adverse employment action where the company reduced its employees'

responsibilities as part of an office reorganization). Issuing Keller's "job in jeopardy" notification in a setting where co-workers could see his humiliation was not so objectively severe and intolerable that a reasonable person would feel compelled to resign. The record, in fact, shows Keller sought alternative employment with the Kentucky Farm Bureau a month *before* he received the "job in jeopardy" notification.

Though Keller argues that his Allstate supervisors gave him unfairly negative performance reviews, as the district court noted, "criticism in performance reviews and institution of performance improvement plans, alone, do not constitute objectively intolerable conditions." *Agnew*, 286 F.3d at 310. Moreover, "[d]issatisfaction with work assignments, a feeling of being unfairly criticized, or difficult or unpleasant working conditions are not so intolerable as to compel a reasonable person to resign." *Smith v. Henderson*, 376 F.3d 529, 534 (6th Cir. 2004) (quoting *Carter v. Ball*, 33 F.3d 450, 459 (4th Cir. 1994)). Keller's resignation was voluntary and premature; he failed to offer evidence of objectively intolerable working conditions qualifying his resignation for treatment as a constructive discharge.

Without a showing of circumstances supporting a factual issue regarding Keller's claim of constructive discharge, no discharge exists to support Keller's wrongful-discharge claim, and it too fails.

IV

We affirm, because District Judge Thomas Russell properly granted summary judgment.